Opinion issued May 18, 2002










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00685-CV

____________


JAMES DARCY ROBISON, Appellant


V.


THE TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL
RETARDATION, Appellee






On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 200053302






O P I N I O N

 Appellant, James Darcy Robison, challenges the trial court's dismissal of his pro
se medical malpractice suit against appellee, Texas Department of Mental Health and
Mental Retardation ("DMHMR"). Robison claims the trial court erred in granting the
motion to dismiss under article 4590i of the Medical Liability and Insurance
Improvement Act ("MLIIA") because the evidence in support of the DMHMR's motion
was "factually insufficient," and the result was unconstitutional. We affirm.

Background

 On October 18, 2000, Robison filed suit against DMHMR, claiming he was
fraudulently diagnosed as having bipolar disorder, unnecessarily prescribed lithium,
and unlawfully restrained in its health care facility. The 180th day after appellant's suit
was March 15, 2001. On May 24, 2001, DMHMR filed its motion to dismiss
Robison's suit, alleging he did not comply with section 13.01(d) of article 4590i by
failing to furnish DMHMR with an expert report within 180 days of filing his suit. (1) 
Following a hearing, the trial court granted DMHMR's motion to dismiss on July 9,
2001.

Dismissal of Health Care Liability Claim

 Because Robison's health care liability claim was governed by article 4590i, he
was required, within 180 days of filing his suit, to furnish to DMHMR one or more
expert reports, with a curriculum vitae of each expert listed in the report, or voluntarily
file a nonsuit under section 13.01(d). Tex. Rev. Civ. Stat. Ann. art. 4590i §
1.03(a)(4), § 13.01(d) (Vernon 1999). Contrary to appellant's assertion, compliance
with section 13.01(a), filing a cost bond, cash deposit, or affidavit of indigency in lieu
thereof, within 90 days of filing suit, does not satisfy the above requirements of section
13.01(d). Id. at § 13.01(a).

 Under subsection (e) of Section 13.01, when a claimant fails to provide an expert
report under subsection (d) within the required time, the trial court must, on the motion
of the defendant physician or health care provider, enter an order awarding as sanctions
against the claimant or the claimant's attorney: (1) the reasonable attorney's fees and costs of court incurred by that
defendant;


 (2) the forfeiture of any cost bond respecting the claimant's claim
against that defendant to the extent necessary to pay the award; and


 (3) the dismissal of the action of the claimant against that defendant
with prejudice to the claim's refiling.


Id. at § 13.01(e) (emphasis added).

 Appellant argues that DMHMR did not "attempt to refute any of [his] allegations
with any factual testimony." His argument is without merit. Robison filed his suit on
October 18, 2000. Thus, he was required to furnish an expert report to DMHMR or
nonsuit the case by March 15, 2001. He did neither, and, the trial court, after a hearing,
granted DMHMR's motion to dismiss on July 9, 2001.

 We review a trial court's decision to dismiss a suit under section 13.01(e) of
article 4590i for an abuse of discretion. Am. Transitional Care v. Palacios, 46 S.W.3d
873, 875 (Tex. 2001). The sanction of dismissal imposed by the trial court was
mandated by statute. Tex. Rev. Civ. Stat. Ann. art. 4590i § 13.01(e). Because
Robison did not meet the statutory procedural requirements of providing an expert
report to DMHMR or filing a voluntary nonsuit within 180 days of filing his claim, the
trial court did not abuse its discretion in dismissing, with prejudice, his claim against
DMHMR.

 Robison also argues that the requirement of an expert report is unconstitutional
because "if no other physician was willing to write an expert report, and the law hinged
on such a report, then the claimant could be denied his or her constitutional rights." 
Robison makes no mention of any actual attempt to obtain an expert report. We need
not analyze the constitutionality of section 13.01 because Robison did not provide
sufficient evidence that the requirement of an expert report actually kept him from
pursuing his claim, as was his burden. Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d
727, 737 (Tex. App.--San Antonio 1999, no pet.). Notwithstanding Robison's failure
to provide sufficient evidence, Texas law is clear that when a litigant fails to comply
with the expert report provisions of article 4590i, the dismissal of the action pursuant
to section 13.01(d) is constitutional. Id. (dismissal for failure to provide expert report
does not violate due process or open courts provisions of Article I of the Texas
Constitution).

 We overrule appellant's sole point of error.

 We affirm the judgment of the trial court.


 Michael H. Schneider

 Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.
1. Robison never filed an expert affidavit as required under section 13.01(d) of
the Texas Medical Liability and Insurance Improvement Act, nor was an
extension of time granted to file the affidavit under section 13.01(f), (g) or (h).